IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| PATRICK A. GUARDIOLA, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:11-CV-159-Y |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| Respondent. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner Patrick A. Guardiola, TDCJ-ID #1644751, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ), in Marlin, Texas.

Respondent Rick Thaler is the Director of TDCJ.

#### C. FACTUAL AND PROCEDURAL HISTORY

On March 12, 1987, pursuant to a plea bargain agreement, petitioner pled guilty to attempted sexual assault in cause number 0283965D in the Criminal District Court Number Two of Tarrant

County, Texas, and was sentenced to six years' confinement. The trial court suspended the sentence and placed petitioner on six years' probation.[1] (State Habeas R. at 32-33) Petitioner did not directly appeal the judgment of conviction. (Pet. at 3) On May 6. 1988, the trial court revoked petitioner's probation for noncompliance with the conditions of his probation and ordered petitioner to serve his six-year sentence in TDCJ. (*Id.* at 37-40) Petitioner fully discharged his six-year sentence on February 27, 2000, and was released from the custody of TDCJ. (Resp't Preliminary Resp., Exhibit A) Since then, petitioner asserts he has twice been convicted of failure to comply with the state sex offender registration requirements and is currently serving an eight-year sentence on the latest such conviction. (Pet'r Mem. at 4-5) On September 8, 2010, petitioner filed a state application for writ of habeas corpus challenging his 1987 conviction, which the Texas Court of Criminal Appeals denied without written order on the findings of the trial court on October 27, 2010. *Ex parte Guardiola*, Appl. No. WR-74,047-02, at cover. In this petition, filed on March 7, 2011, petitioner challenges the conviction on four grounds. (Pet. 2) As ordered, respondent, Rick Thaler, filed a preliminary response addressing the timeliness of the petition and, additionally, whether the court has subject matter jurisdiction to review the petition.

D. SUBJECT MATTER JURISDICTION

Thaler asserts that this court lacks subject matter jurisdiction to consider the petition because petitioner is no longer serving his sentence for the 1987 conviction.[2] (Resp't Preliminary Resp. at

---

[1] On the same date, as part of the plea agreement, petitioner also pled guilty to burglary of a building in cause number 0298388W, and the trial court assessed a concurrent six-year sentence, which was likewise suspended. (State Habeas R. at 32)

[2] Thaler also contends the petition is time barred under the federal statute of limitations. 28 U.S.C. § 2241(d). It is not necessary however to address this issue.

2

1-3) Generally, for this court to have subject matter jurisdiction over a claim under § 2254, the petitioner must be "in custody" pursuant to the conviction the subject of the proceeding. *See* 28 U.S.C. § 2254(a); *Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 394 (2001); *Maleng v. Cook*, 490 U.S. 488, 492 (1989). Petitioner's sentence for his 1987 conviction fully expired on February 27, 2000, over eleven years before this petition was filed. Thus, petitioner was not in custody under that charge at the time his petition was filed. The requirement that he register as a sex offender does not render him in custody for purposes of a habeas attack upon his 1987 conviction. *See Resendiz v. Kovensky*, 416 F.3d 952, 959 (9th Cir.), *cert denied*, 126 S. Ct. 757 (2005); *Leslie v. Randle*, 296 F.3d 518, 521 (6th Cir. 2002); *Cramer v. Quarterman*, No. 4:06-CV-201-A, 2006 WL 2252714, at *2 (N.D.Tex. Aug. 4, 2006). The court has no jurisdiction to entertain the petition.

## II. RECOMMENDATION

Based on the foregoing, it is recommended that petitioner's petition for writ of habeas corpus be dismissed for lack of jurisdiction.

### III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until May 19, 2011. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is

found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

## IV. ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until May 19, 2011, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ordered that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED April 27, 2011.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE